UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-49-TBR

RASHAWN SISSON                                                             Plaintiff

v.

CHARTER COMMUNICATIONS, LLC, and
JEANNINE KEMPER                                                            Defendants

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff Rashawn Sisson's Motion to Remand. (Docket No. 14.) Defendants Charter Communications, LLC and Jeannine Kemper have responded, (Docket No. 17), and Plaintiff has replied, (Docket No. 20). Fully briefed, this matter is ripe for adjudication. For the reasons set forth below, the Court will GRANT Plaintiff's Motion.[1]

## Factual Background

The Plaintiff Ms. Sisson is a former employee of Defendant Charter Communications, LLC ("Charter"). (Docket No. 1-1 at 4.) During her employment with Charter, which began on December 3, 2012, Ms. Sisson worked as an Internet Repair Representative. *Id.* at 5. Defendant Jeannine Kemper served as Ms. Sisson's supervisor for a period of time. *Id.* According to Ms. Sisson, Ms. Kemper did not provide guidance or assistance to those she supervised and instead

---

[1] Defendant Jeannine Kemper filed a Motion to Dismiss claiming that she was fraudulently joined in this action by Ms. Sisson as Ms. Sisson's Complaint fails to state a retaliation claim against her upon which relief can be granted. (Docket No. 7.) Ms. Sisson did not respond to Ms. Kemper's Motion. Instead, she filed a Motion to Remand after missing multiple deadlines to file her Response to Ms. Kemper's Motion. Defendants Ms. Kemper and Charter argue that as Ms. Sisson failed to file a Response, this Court should assume her opposition to the Motion is waived and grant the Motion. (Docket No. 17 at 2.) However, this Court is not inclined to assume Ms. Sisson's opposition is waived as she did ultimately file a Motion to Remand. While Ms. Sisson and her counsel should in the future abide by filing deadlines set by this Court, the Court will forgive her procedural error and consider the merits of her Motion to Remand. *See Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991).

1

spent her time watching videos on her computer and sending personal emails. *Id.* Ms. Sisson claims that Charter required its supervisors to meet with employees weekly to discuss their performance, and Ms. Kemper did not hold such meetings with Ms. Sisson. *Id.* at 5-6. Consequently, when she needed help at work, Ms. Sisson reached out to a personal friend who could answer her questions. *Id.* at 6. Ms. Sisson was then asked to attend a meeting with Ms. Kemper where Ms. Kemper allegedly asked her why she was emailing a personal friend on her work computer. *Id.* When Ms. Sisson explained that she was asking work related questions, Ms. Kemper stated that "[i]f it was another supervisor, they would be holding a grudge right now." *Id.* The situation did not improve between Ms. Sisson and Ms. Kemper, and according to Ms. Sisson, Ms. Kemper rarely spoke to her except when making "racially charged comments." *Id.* Ms. Sisson contends that Ms. Kemper told her, along with two other individuals, that "all black girls have attitude." *Id.*

As a result, Ms. Sisson called her friend to discuss the situation from the designated cell phone usage area while on a break at work. *Id.* Ms. Sisson recalls that she spoke with her friend about her stress level, Ms. Kemper's racial comments, and whether or not she should report Ms. Kemper's actions to the human resources department ("HR"). *Id.* Three coworkers were standing close by and overheard her conversation and in particular her use of a curse word. *Id.* Ms. Sisson contends that at the behest of Ms. Kemper, the three coworkers "lodged complaints against [her] for creating a 'negative' workplace atmosphere because of the curse word she used during the conversation." *Id.* at 7. When HR held a meeting with Ms. Sisson to discuss her coworkers' complaints regarding her use of inappropriate language, Ms. Sisson told the HR employee about Ms. Kemper's racially charged comments and hostility toward her. *Id.* Ms. Sisson also states that she complained to HR about the general atmosphere of racial discrimination at Charter. *Id.* at 14.

Rather than HR's investigation resulting in Ms. Kemper's termination, she received a promotion and no longer directly supervised Ms. Sisson. *Id.*

Ms. Sisson contends that her work situation deteriorated after she reported Ms. Sisson's behavior to HR. *Id.* Ms. Sisson alleges that as a result of her report, Ms. Kemper "ordered that all of the African-American [employees] in [Ms. Sisson's] department were to be separated to prevent any communication between them, except while on break." *Id.* at 15. Furthermore, Ms. Sisson contends that Ms. Kemper "forced [her] to work one of the two ten-hour shifts at . . . Charter, when thirty-three other shifts were available." *Id.* Ms. Sisson is adamant that Ms. Kemper knew she could not work such a long shift because of a medication she was taking, and though other employees requested to work the long shift, Ms. Kemper "forced" her to do so. *Id.*

Eventually, the relationship between the Defendants and Ms. Sisson completely broke down, and Defendant Charter terminated Ms. Sisson. *Id.* at 11. As justification for its termination of Ms. Sisson, Charter allegedly stated that she was found to be sleeping on the job, an immediately terminable offense. *Id*. at 10, 16. Ms. Sisson is adamant that she never fell asleep while at work, and Charter wrongfully terminated her. *Id.* at 16.

**Legal Standard**

The burden to establish federal subject matter jurisdiction lies with the party seeking removal. *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)). Generally, a defendant may remove a civil case to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. § 1441, 1446. Because Ms. Sisson's complaint does not raise a federal question, the exclusive basis for federal subject matter jurisdiction is 28 U.S.C. §1332, which requires the citizenship of each plaintiff to be

diverse from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996) (explaining the principle of complete diversity). While Ms. Sisson, a citizen of the Commonwealth of Kentucky, is diverse from Charter, a Delaware limited liability company, she is not diverse from Ms. Kemper who is also a citizen of the Commonwealth of Kentucky. Consequently, complete diversity is lacking based on the face of Ms. Sisson's Complaint. (Docket Nos. 1 at 2-3; 1-1.) However, the Defendants insist that Ms. Sisson fraudulently joined Ms. Kemper in an effort to defeat diversity jurisdiction and confine the case to state court.

Defendants bear the burden of proving fraudulent joinder. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564–65 (6th Cir. 2015) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "If there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the district] Court must remand the action to state court." *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010) (citing *Coyne*, 183 F.3d at 493). In other words, if Ms. Sisson's claim has even "a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)). This is a "heavy burden," *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir.1999), as Defendants must demonstrate that there is no genuine basis upon which Ms. Sisson may be able to recover against Ms. Kemper. *Coyne*, 183 F.3d at 493.

The standard for a defendant to successfully show fraudulent joinder is even higher than the standard a defendant must meet to succeed on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Anderson v. Merck & Co. Inc.*, 417 F. Supp. 2d 842, 845

(E.D. Ky. 2006) (citing *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845–46 (S.D. Ohio 2002)). "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6). . . . [A] decision overruling a motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendant, has no basis in law or reason." *Little*, 227 F. Supp. 2d at 846-47; *see also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

As is always the case in matters concerning comity and federalism, any ambiguity must be resolved against removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (explaining that "the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction" and that ambiguities regarding the scope of removal "should be resolved in favor of remand to the state courts."). Moreover, any ambiguities in the relevant state law must be resolved in the light most favorable to the plaintiff. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

**Discussion**

Generally, no individual liability lies for employees or supervisors under the Kentucky Civil Rights Act ("KCRA") and similar statutory schemes. *Ivey v. McCreary Cty. Fiscal Court*, 939 F. Supp. 2d 762, 770 (E.D. Ky. 2013) (quoting *Morris v. Oldham*, 201 F.3d 784, 794 (6th Cir. 2000)). But KRS § 344.280 forbids retaliation by one "person" against another person. Given this language, the Sixth Circuit Court of Appeals has found that the "Kentucky retaliation statute plainly permits the imposition of liability on individuals." *Morris*, 201 F.3d at 794.

5

Therefore, Ms. Sisson can seek to hold Ms. Kemper individually liable for retaliation under KRS § 344.280.

Under the KCRA, it is unlawful "[t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter." KRS § 344.280. To establish a *prima facie* case of retaliation, a plaintiff must demonstrate "(1) that plaintiff engaged in an activity protected by [the KCRA]; (2) that the exercise of h[er] civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004) (quoting *Christopher v. Stouder Memorial Hospital*, 936 F.2d 870, 877 (6th Cir. 1991)).

Defendants argue that Ms. Sisson has not stated a viable claim for retaliation against the non-diverse Defendant Ms. Kemper. (Docket No. 17 at 3.) Defendants point to Ms. Sisson's failure to allege in her Complaint that Ms. Kemper knew she complained to HR about Ms. Kemper's allegedly racially charged comments and contend that Ms. Sisson therefore cannot satisfy the second element of a *prima facie* retaliation claim. *Id.* at 4. Additionally, the Defendants provided a declaration from Ms. Kemper in their notice of removal in which she states that she did not know of Ms. Sisson's complaints to HR. (Docket No. 1-2 at 3.) Ultimately, Defendants argue that Ms. Sisson cannot "prove" that Ms. Kemper knew about her complaints to HR. (Docket No. 17 at 4.) Defendants also argue that Ms. Kemper cannot satisfy the fourth element requiring that there was a causal connection between any adverse employment action and her complaint. *Id.* In response, Ms. Sisson contends that she is not required to state facts

6

supporting each element of a *prima facie* case of retaliation in order to state a colorable claim for retaliation under Kentucky law. (Docket No. 20 at 3.)

According to Rule 8.01 of Kentucky's Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." As this Court discussed in a previous opinion when addressing arguments similar to those made by the parties here,

> The Kentucky Court of Appeals has explained that under the Civil Rules' simplified notice pleading, "a complaint will not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." *Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960) (internal citations omitted). The complaint need not state either conclusions or facts so long as it provides fair notice. *Id.* Courts must "liberally construe[ ]" the Rules of Civil Procedure at this stage, granting "much leniency ... in construing whether a complaint ... states a cause of action." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989).

*Fugate v. Babcock & Wilcox Conversion Servs., LLC*, No. 5:14-CV-00172-TBR, 2015 WL 1758063, at *6 (W.D. Ky. Apr. 17, 2015).

After reviewing the case law provided by the parties and their arguments, this Court finds that "[w]hatever the deficiencies of [Ms. Sisson's] complaint, it does not deprive [Ms. Kemper] of fair notice of the retaliation claim against [her]. The response that [Defendants] offer here . . . is better framed in an answer to the complaint, or a motion for summary judgment or other dispositive pleading." *Fugate*, 2015 WL 1758063, at *6. Given the leniency with which this Court must approach Ms. Sisson's complaint, it appears that Defendants have received the notice to which they are entitled. As Ms. Sisson has satisfied the minimal requirements of Kentucky law at this early stage, her claim for retaliation certainly has "a glimmer of hope," and therefore a finding of fraudulent joinder is not appropriate in this case.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion to Remand, (Docket No. 14), is **GRANTED**, and this matter is hereby **REMANDED** to Jefferson Circuit Court for all further proceedings.

Defendant Jeannine Kemper's Motion to Dismiss, (Docket No. 7.), is **DISMISSED AS MOOT**.

An appropriate Order of Remand will issue separate from this Memorandum Opinion.

cc: Counsel